## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: | |
| THOMAS JOSEPH BULLIS, | Case No.   04-11243-RGM (Chapter 7) |
| Debtor. | |
| HAROLD G. CHAPMAN, | |
| Plaintiff, | |
| vs. | Adv. Proc. No. 04-1250 |
| THOMAS JOSEPH BULLIS and JACQUELYN A. BULLIS and THRILL HILL CONTRACTING, LLC and TJB HOLDINGS, LLC and EMORY CONSTRUCTIONS CO., INC., | |
| Defendants. | |

### MEMORANDUM OPINION

THIS CASE is before the court on the motion of Renata Thompson and the defendants to quash a subpoena dated June 20, 2005, addressed to Ms. Thompson and the response thereto of the plaintiff. Ms. Thompson complains that the subpoena was not properly served on her. She asserts that it was left with her receptionist on June 20, 2005. She admits receiving the envelope left with the receptionist, opening it, and finding the subpoena in it. The plaintiff asserts that she was personally served by the process server. Without regard to the manner of service, Ms. Thompson acknowledges receipt of the subpoena. The purpose of service is to assure receipt. The manner in which she obtained it, is not, in this instance, material.

Ms. Thompson asserts that she was not given sufficient time to respond to the subpoena

because it requires her appearance in this court on June 23, 2005 at 9:30 a.m.  Both parties note that

Ms. Thompson is a designated expert witness for the defendants and that they expect her to testify

in this court on that date.  The plaintiff consents to Ms. Thompson being placed on call so that she

can continue working at her office in Alexandria until a reasonable time before her testimony is

expected.  In these circumstances, the subpoena was timely served.  The timing of the service and

the concession of the plaintiff to putting Ms. Thompson on call are reasonable accommodations and

do not impose any undue hardship on Ms. Thompson.

The defendants assert that Ms. Thompson is going to testify as an expert witness and has no

personal knowledge of the facts of the case.  That is a matter to be decided at the time the testimony

is taken.  Proper objections can be made then.  It is not, however, a reason not to appear in court and

be subject to examination.  It is true that a party  may not subpoena an individual to testify as an

expert witness unless the expert witness has been retained by the proponent and appropriate

arrangements made with the expert witness.   Absent such arrangement, the expert witness may

decline to answer questions relating to her expert opinions.  She is not, however, at liberty to decline

to answer, and she must answer, any questions that any non-expert witness would be required to

answer.  For example, if she is aware of the filing or non-filing of tax returns, she may be required

to testify as to this fact.  If she is aware of the contents of tax returns or books and records, she may

be required to testify as to those contents.  This type of testimony is not expert testimony but factual

testimony.

Of course, if an expert witness is employed by the defendants and testifies as an expert

witness on behalf of the defendants, she is subject to full cross-examination on all factual and expert

matters by all other parties.  No special arrangements need to be made in this regard.

There is a suggestion that the normal witness and mileage fees have not been tendered to the witness. They must be tendered to the witness. It is sufficient if the fees are tendered to the witness either in person, or if she is not available at her office, to the receptionist who normally accepts deliveries for the office or any other manner reasonably acceptable to counsel for the defendants. In this instance, agreement with counsel for the defendants is acceptable because Ms. Thompson is their expert witness and they have joined in the motion to quash the subpoena.

It is not necessary, although it is desirable, that any expert witness fees incurred in the course of the prior deposition be paid. That obligation, however, is independent of the subpoena to appear at trial to testify as a fact witness. If the plaintiff fails to honor that commitment, Ms. Thompson has appropriate recourse in this court to enforce the obligation.

### CONCLUSION

The motion for quash the subpoena will be denied.

DONE at Alexandria, Virginia, this 22nd day of June, 2005.

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Kevin M. O'Donnell
Gregory M. Wade

12246